IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BURLIE B. KIMMONS,**
        **Petitioner,**

**v.**                                                    **Case No.  3:09cv170/LC/MD**

**WALTER A. MCNEIL,**
        **Respondent.**

_____

## REPORT AND RECOMMENDATION

        Before the court is a petition for writ of habeas corpus filed pursuant to 28
U.S.C. § 2254.  (Doc. 1).  Respondent has filed a response requesting dismissal of
the petition as time-barred, providing relevant portions of the state court record.
(Docs. 11, 12).  Petitioner has responded in opposition to dismissal.  (Doc. 13).  The
matter is referred to the undersigned magistrate judge for report and
recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After
careful consideration, it is the opinion of the undersigned that no evidentiary hearing
is required for the disposition of this matter, Rules Governing Section 2254 Cases
8(a).  It is further the opinion of the undersigned that the pleadings and attachments
before the court show that the petition is untimely and should be dismissed.


## BACKGROUND AND PROCEDURAL HISTORY

        On March 8, 2006 the Circuit Court of Escambia County, Florida adjudicated
petitioner guilty of the following charges pursuant to his counseled plea of no
contest:  trafficking in amphetamine or methamphetamine in case number 03-4008
(Count 1); trafficking in phenethylamines in case number 03-4008 (Count 2); and

sale, delivery or possession of methamphetamine in case number 03-4007 (Count 3). (Doc. 11, Ex. E, pp. 37-72). That same date, petitioner was sentenced to 15 years imprisonment on each count, with the sentences to run concurrently. (*Id.*).[1] Petitioner did not appeal from the judgment. (Doc. 1, p. 2).

On May 3, 2006, petitioner filed a Motion for Correction, Reduction, or Modification of Sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). (Ex. C). The trial court denied relief on May 15, 2006. (Ex. D).[2] Petitioner did not appeal.

On May 8, 2007, petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. E, pp. 1-25). The motion was denied on November 5, 2007. (Ex. E, pp. 29-35).[3] The Florida First District Court of Appeal affirmed without written opinion on February 25, 2009. *Kimmons v. State*, 5 So.3d 672 (Fla. 1st DCA 2009) (Table) (copy at Ex. H). The mandate issued March 24, 2009. (Ex. I).

Petitioner initiated this federal habeas proceeding on April 14, 2009. (Doc. 1, p. 25 in ECF).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation

---

[1]Hereafter, all references to exhibits are to those provided at Doc. 11, unless otherwise noted.

[2]The order was signed by the judge on May 12, 2006, but was not filed with the clerk of court until May 15, 2006.

[3]The order was signed by the judge on October 31, 2007, but was not filed with the clerk of court until November 5, 2007.

applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Because petitioner did not appeal his judgment of conviction, it became final for purposes of § 2244(d)(1) on April 7, 2006, which is thirty days after rendition of the March 8, 2006 judgment and sentence. *See* FLA. R. APP. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following

rendition of a written order imposing sentence."); *see also* FLA. R. APP. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); *Walk v. State*, 707 So.2d 933 (Fla. Dist. Ct. App. 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."); *Gust v. State*, 535 So.2d 642 (Fla. Dist. Ct. App. 1988) (holding that if defendant does not appeal the conviction or sentence, judgment of conviction and sentence become final when the 30-day period for filing a direct appeal expires).

Thus, the federal habeas statute of limitations began to run on that date.  The limitations period expired on April 8, 2007, one year from the day after petitioner's judgment became final, in the absence of tolling.  *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Florida Dep't of Corrections*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).

The record establishes that petitioner had no properly filed applications for state postconviction or other collateral review pending during the critical period between April 7, 2006 and April 8, 2007.  Therefore, his time for seeking federal habeas review expired on the latter date.  The instant petition, filed on April 14, 2009, is untimely.

Petitioner's Rule 3.800(c) motion which sought a reduction of petitioner's sentence based on his "great remorse and the need for his support to his family," was a plea for leniency and not a challenge to the legality of his sentence.  Therefore, it did not toll the limitations period under 28 U.S.C. § 2244(d)(2).  *See Alexander v. Secretary, Dep't of Corrections*, 523 F.3d. 1291 (11th Cir. 2008) (holding that petitioner's Florida Rule of Criminal Procedure 3.800(c) motion was a request

to reduce a legal sentence based on mercy or leniency and did not constitute an application for state postconviction or other collateral review with respect to the pertinent judgment under § 2244(d)(2) that tolled the limitations period); *see also e.g., Davis v. Barrow*, 540 F.3d 1323 (11th Cir. 2008) (holding that petitioner's motion to reconsider sentence under Ga. Code Ann. § 17-10-1(f) was a plea to reduce his sentence and did not raise any legal arguments or otherwise attack the legality of his sentence; therefore, it did not qualify as a tolling application under 28 U.S.C. § 2244(d)(2)).

Petitioner's motion for postconviction relief filed on May 8, 2007 did not trigger the tolling benefit of § 2244(d)(2), because it was filed after the limitations period expired. *See Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Nor did the filing reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

In response to respondent's request for dismissal, petitioner neither claims equitable tolling applies, nor asserts a colorable claim of actual innocence. Instead, he argues that his petition is timely because he is entitled to the 90-day period for seeking *certiorari* review in the Supreme Court of the United States. That is incorrect. The Supreme Court generally requires state petitioners to seek review in the state's highest court before filing for *certiorari* and allowing the petitioner to receive the benefit of the 90-day period. *See Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006) (addressing a prisoner who failed to seek a certificate of probable cause from the Georgia Supreme Court on direct appeal). Petitioner did not file a notice of appeal within 30 days after the entry of judgment. Fla. R. App. P. 9.140(b)(3). Therefore, he cannot benefit from the 90-day grace period. *Pugh*, 465 F.3d at 1300; *see also Salas v. Pierce*, 297 Fed. Appx. 874, 878 (11th Cir. 2008) (holding that because Georgia prisoner did not appeal from the judgment of

conviction entered upon his guilty plea, he was not entitled to the 90-day grace period for seeking *certiorari* review; his conviction became "final" for purposes of § 2244 when the 30-day deadline for appealing the judgment expired).

## CONCLUSION

The instant petition for writ of habeas corpus is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Therefore, the petition should be dismissed.[4]

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that

---

[4]To the extent petitioner requests that respondent's request for dismissal be denied as untimely, (doc. 13, p. 3), petitioner's request is denied.

party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1) challenging the convictions and sentences in *State of Florida v. Burlie Broward Kimmons, III*, in the Circuit Court of Escambia County, Florida, case numbers 03-4007 and 03-4008, be DISMISSED WITH PREJUDICE.

2.   That the clerk be directed to close the file.

3.   That a certificate of appealability be DENIED.

At Pensacola, Florida this 7th day of April, 2010.

/s/ *Miles Davis*

MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).